**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:23-CV-00126-GNS-HBB**

**PAUL STIGERS**                                                                                             **PLAINTIFF**

**VS.**

**BOARD OF EDUCATION OF WARREN COUNTY, et al.**                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Plaintiff Paul Stigers to amend the Complaint (DN 15). The Defendants have filed a Response (DN 17), and Stigers has not filed a reply.

Stigers states in his motion that he wishes to amend his Complaint to "include updated facts since the filing of his original Complaint . . . as well as federal claims now available to him via a 'Right to Sue' letter from the Equal Employment Opportunity Commission" (DN 15, p. 1).

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In light of this liberal view, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (quoting Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)). According to Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000), "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."

Stigers' proposed amended Complaint sets forth three claims predicated upon the Right to Sue letter issued by the EEOC. Count V sets forth a claim of violation of the ADAAA, 42 U.S.C. § 12112(a). Count VI sets forth a claim of violation of the ADAAA, 42 U.S.C. § 12112(b)(5). Defendants object to Count VI "being added to the Amended Verified Complaint as a new cause

of action on the grounds of futility and improper duplication of causes of action as it is contained within, and is merely repetitive, of Count V" (DN 17, p. 2).  While Plaintiffs are entitled to plead alternative causes of action, a duplicative claim is subject to dismissal.  See Richard v. Glens Falls Nat'l Bank, No. 1:20-cv-00734 (BKS/DJS), 2021 U.S. Dist. LEXIS 39228, at *43 (N.D.N.Y. Mar. 3, 2021).  As noted earlier, Stigers has not filed a reply contesting the Defendants' argument that Count VI is duplicative of Count V and would therefore be subject to dismissal on the grounds of futility.  Failure to file a reply to arguments raised in a response are deemed a waiver of opposition.  Whitaker v. ABF Freight Sys., No. 1:17-CV-00206-GNS-HBB, 2019 U.S. Dist. LEXIS 103023, at *6 (W.D. Ky. June 20, 2019) (citing Galeana Telcoms. Invs., Inc. v. Amerifone Corp., No. 15-cv-14095, 2018 U.S. Dist. LEXIS 58018, at *13-14 (E.D. Mich. Apr. 5, 2018)).

      **WHEREFORE**, the Plaintiff's motion to amend the Complaint, DN 15, is **GRANTED IN PART and DENIED IN PART**.  Plaintiff is permitted to file an amended Complaint without inclusion of Count VI.

July 10, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies to:    Counsel of Record